UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Plaintiff,

v.                                                                CASE NO: 8:17-CV-770-T-30MAP

JEFFREY KLINEFELTER, Individually, as
the Husband of Mariah Klinefelter, as the
Personal Representative of the Estate of
Mariah Klinefelter, and as the Parent and
Natural Guardian of N.K.,

    Defendants.
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendants' Cross Motion for Summary Judgment (Doc. 14), Plaintiff's Dispositive Motion for Final Summary Judgment (Doc. 16), Plaintiff's Memorandum in Opposition to Defendants' Cross Motion for Summary Judgment (Doc. 18), and Defendants' Response in Opposition to Plaintiff's Motion for Summary Judgment (Doc. 19). Upon review of the motions, responses, and being otherwise advised in the premises, the Court grants Plaintiff's motion and denies Defendants' motion. The Court concludes that the limit of liability available under the subject policy for the Klinefelter Family Claims is $200,000.

## BACKGROUND

This is an insurance coverage case involving a dispute over the applicable bodily injury liability policy limits. The parties agree on all of the material facts, as set forth in more detail in the parties' Joint Stipulation of Undisputed Facts (Doc. 13-1 and Doc. 17). The case arises out of a motor vehicle accident in which a vehicle operated by State Farm's insured, Jeff Peterson, struck Mariah Klinefelter and her minor son, N.K., resulting in the death of Mrs. Klinefelter and physical injuries to N.K. It is undisputed that Jeffrey Klinefelter (the father of N.K. and the surviving spouse of Mrs. Klinefelter) was not involved in the accident and did not witness the accident.

It is further undisputed that three claims have been asserted against Mr. Peterson: (1) a claim by the family of Mariah Klinefelter and her Estate, pursuant to Florida's Wrongful Death Act, for the injuries to and death of Mrs. Klinefelter (hereinafter "Mrs. Klinefelter's bodily injury claim"); (2) a claim by N.K. for his injuries sustained in the accident (hereinafter "N.K.'s bodily injury claim"); and (3) a claim by Jeffrey Klinefelter (father of N.K.), for damages sustained by Mr. Klinefelter, after the accident, in connection with the loss of his child's services, society, and consortium, as the result of injuries suffered by N.K. (hereinafter "Mr. Klinefelter's loss of services claim"). The foregoing three claims are collectively referred to as the "Klinefelter Family Claims."

At the time of the accident, Mr. Peterson was insured under an automobile policy with State Farm that provided bodily injury liability coverage with policy limits of $100,000

"Each Person," and $300,000 "Each Accident." The "Each Person" and "Each Accident" clauses provide:

> The limit shown under "Each Person" is the most *we* will pay for the sum of:
>
> 1. all damages resulting from ***bodily injury*** to any one ***person*** injured in any one accident; and
> 2. all damages, including damages for emotional distress, sustained by other ***persons*** as a direct result of that ***bodily injury***.
>
> The limit shown under "Each Accident" is the most *we* will pay, subject to the limit for "Each Person", for all damages and all emotional distress resulting from ***bodily injury*** to two or more ***persons*** who sustained damages or emotional distress in the same accident.

The parties disagree on the issue of whether the limit of liability available under the policy for the Klinefelter Family Claims is $200,000 (as asserted by State Farm) or $300,000 (as asserted by Defendants). State Farm argues that the plain language of the subject policy makes clear that the "Each Accident" limitation is "subject to the limit" for the "Each Person" limitation. Defendants argue that the "Each Accident" limit clause is ambiguous because it contradicts itself by stating, on the one hand, that the "Each Accident" limit ($300,000) is triggered in cases where there is "bodily injury to two or more persons" while, on the other hand, also stating that the "Each Accident" clause is "subject to the limit for 'Each Person'" ($100,000).

The parties have reached a settlement agreement with respect to the Klinefelter Family Claims against State Farm's insured (Mr. Peterson). Under the agreement, State Farm agreed to pay (and has paid) the sum of $200,000 to settle any and all claims that could be brought under the Florida Wrongful Death Act, any and all claims for injuries or damages of N.K., and any and all claims of Mr. Klinefelter arising out of the subject motor vehicle accident. If the Klinefelter Family prevails in this declaratory action, State Farm has agreed to pay them an additional $100,000. If State Farm prevails, no additional sums will be paid to the Klinefelter Family. The release of claims against Mr. Peterson is not contingent on the result of this action.

## SUMMARY JUDGMENT STANDARD

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the court must examine

the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## **DISCUSSION**

Under Florida law, insurance policies must be construed in accordance with the plain language of the policy. *See Auto-Owners Ins. Co. v. Anderson*, 756 So. 2d 29, 34 (Fla.

2000). It is inappropriate for a court to add meaning to the terms of an insurance policy to create an ambiguity where none exists. *See* C*ity of Delray Beach v. Agric. Ins. Co.*, 85 F.3d 1527, 1531 (11th Cir. 1996) (citing *Excelsior Ins. Co. v. Pomona Park Bar & Pkg. Store*, 369 So. 2d 938) (Fla. 1979)). When determining whether a policy provision is ambiguous, the court should consider the nature and purpose of the insurance policy containing the subject provision. *See Ajax Building Corp. v. Hartford Fire Ins. Co.*, 358 F.3d 795, 799 (11th Cir. 2004). "If the language of an insurance policy is clear, it must be construed to mean what it says and nothing more." *Gen. Sec. Ins. Co. v. Barrentine*, 829 So. 2d 980, 981 (Fla. 1st DCA 2002) (citation omitted).

Notably, a provision in an insurance policy is not ambiguous simply because the provision is complex and requires analysis to determine its application. *See Eagle Amer. Ins. Co. v. Nichols*, 814 So. 2d 1083, 1085 (Fla. 4th DCA 2002). Also, the fact that several provisions of an insurance policy have to be construed together to ascertain the limitation contained in the policy does not thereby render the policy ambiguous. *See Hess v. Liberty Mutual Ins. Co.*, 458 So. 2d 71, 72 (Fla. 3d DCA 1984).

The Court concludes that the plain and unambiguous terms of the subject policy demonstrate that the limit of liability coverage for the Klinefelter Family Claims is $200,000. Defendants contend the liability limits in the subject policy are ambiguous and must be interpreted to provide the higher "Each Accident" coverage limit of $300,000. But as State Farm points out, the policy language clearly makes the per accident limit "subject to" the per

person limit. And there is no dispute between the parties that the loss of services claim asserted by Mr. Klinefelter (wherein Mr. Klinefelter is asserting that he lost the services of his son, N.K., as a result of N.K.'s injuries) is subject to the same "Each Person" limit that applies to N.K.'s claim. Thus, to trigger the "Each Accident" limit, the plain language of the policy requires three bodily injury claims. Here, it is undisputed that there are only two bodily injury claims. Therefore, the "Each Accident" limit is not triggered.

Although Florida courts have not directly addressed this issue, other state courts have, analyzing nearly identical language, and they have similarly concluded that the policy language is clear and unambiguous. For example, in *Livingston v. Farmers Insurance Company of Washington*, 900 P.2d 575, 578 (Wash. Ct. App. 1995), the court held:

> We hold that UIM liability limits for "each person" and "each accident" are not ambiguous unless (1) there is an "inherent contradiction" between the "each person" limit and the limit for multiple persons in "each accident", and (2) that contradiction is not resolved by language which expressly makes the "each accident" limit "subject to" the "each person" limit. Here, the "each accident" limit in the Farmers policies is greater than the sum of two "each person" limits, but that discrepancy is eliminated by the language which provides that the "each accident" limit is "subject to" the "each person" limit. The Farmers policies unambiguously limit Livingstons' recovery for bodily injury to Karl and Glenna to $100,000 for each of them, or a total of $200,000.

And in *American Family Mutual Insurance Company v. Gardner*, 957 S.W.2d 367, 368 (Mo. Ct. App. 1997), the court held:

> Our holding in *Ward v. American Family Ins. Co.*, 783 S.W.2d 921 (Mo. Ct. App. 1989) controls our decision in the instant case. The insurance policies in dispute in *Ward* contained a virtually identical liability limitation provision as the one in dispute in the present case. *See id.* at 922. Ward, the injured party, claimed that paragraph two of the liability limitation provision rendered

the provision ambiguous since it stated that the "limit for each accident is the maximum for bodily injury sustained by two or more persons in any one accident." *Id.* Thus, Ward argued, it was unclear whether the per accident or the per person limitation applied when two or more persons were injured in an accident. *Id.* We rejected that argument and held that the "subject to the limit for each person" language in paragraph two made it clear that a person's recovery under the per accident provision was subject to the limitation in the per person provision regardless of the number of persons injured. *Id.* at 923-24.

*See also Farm Bureau Mut. Ins. Co. v. Buckallew*, 633 N.W.2d 473, 479 (Mich. Ct. App. 2001) ("A contradiction between per person and per occurrence liability limits is resolved by explicit policy language making the per occurrence limit 'subject to' the per person limit.").

This Court is constrained to read the plain language of the policy and it would be inappropriate to create an ambiguity where none exists. Under the clear language of the subject policy, the "Each Person" limit of liability is the maximum amount that can be recovered by all parties for the bodily injury to one person. This means the same "Each Person" limit is applicable to satisfy: (1) the bodily injury of the person involved in the accident and, (2) all claims that are derivative of that claim, including all claims for loss of consortium and claims of survivors under the Florida Wrongful Death Act. Here, it is undisputed that only two persons (Mrs. Klinefelter and N.K.) sustained bodily injury in the accident. Thus, only two "Each Person" liability limits are triggered to cover the Klinefelter Family Claims, including $100,000 of "Each Person" limits coverage for Mrs. Klinefelter's bodily injury claim (inclusive of all derivative claims) and $100,000 of "Each Person"

coverage for N.K.'s bodily injury claim (inclusive of all derivative claims, including Mr. Klinefelter's loss of services claim).[1]

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Dispositive Motion for Final Summary Judgment (Doc. 16) is GRANTED.

2. Defendants' Cross Motion for Summary Judgment (Doc. 14) is DENIED.

3. The Court hereby declares that the liability coverage available for the Klinefelter Family Claims under the subject policy is $200,000, which includes $100,000 of per-person liability coverage for N.K.'s bodily injury claim (inclusive of all derivative claims) and $100,000 of per-person liability coverage for Mariah Klinefelter's bodily injury claim (inclusive of all derivative claims).

4. The Clerk of Court is directed to enter Final Judgment in favor of Plaintiff and against Defendants.

---

[1] Notably, although the parties do not dispute this point, Florida courts universally hold that a loss of services/consortium claim is subject to the same "Each Person" limit applicable to the bodily injury claim of the person injured in the accident. *See, e.g. New Amsterdam Cas. Co. v. Hart*, 16 So. 2d 118, 119 (Fla. 1943) (holding that the per-person limit of liability is "the limit of the company's liability for all damages sustained where only one person receives bodily injury - whether the damages are direct or consequential in their nature" and thus husband was not entitled to an additional sum for his loss of consortium claim where his injured wife received the per-person limit); *Allstate Ins. Co. v. Clohessy*, 32 F. Supp. 2d 1333, 1337 (M.D. Fla. 1998) ("Florida courts have uniformly held that loss of consortium and wrongful death survivor actions are subject to the per-person limit of liability.").

5. The Clerk of Court is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on September 22, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record